<u>UNPUBLISHED</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1214

FUAD RESHID HASSEN,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A79-468-482)

Submitted: August 27, 2004          Decided: September 10, 2004

Before WIDENER, WILKINSON, and MICHAEL, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Aragaw Mehari, Washington, D.C., for Petitioner. Peter D. Keisler, Assistant Attorney General, Linda S. Wendtland, Assistant Director, Rena I. Curtis, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Fuad Reshid Hassen, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals affirming without opinion, in accordance with 8 C.F.R. § 1003.1(e)(4) (2004), the immigration judge's denial of asylum, withholding of removal, and protection under the Convention Against Torture. For the reasons discussed below, we deny the petition for review.

Hassen asserts that his evidence was sufficient to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Hassen fails to show that the evidence compels a contrary result.[*]

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*]As Hassen failed to assert on appeal his entitlement to withholding of removal or protection under the Convention Against Torture, those claims are waived. Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).